**ALAN KARMIN**
4210 Falston Circle
Old Bridge, NJ 08857
Phone: 732-261-1387
Email: alankarmin@gmail.com
Pro se

| | |
|---|---|
| ALAN KARMIN, : | **UNITED STATES DISTRICT COURT** |
| Plaintiff, : | **FOR THE DISTRICT OF NEW JERSEY** |
| v. : | |
| ADRIENNE C. ROGOVE, NEAL : | **CASE NO.** |
| BEVANS, NICOLE PINARD, ASPEN : | |
| PUBLISHERS INC., CAROLINA : | **COMPLAINT** |
| ACADEMIC PRESS, AFFORDABLE : | |
| PARALEGAL SERVICES, MICHAEL : | |
| SAUNDERS, NEW JERSEY LAW : | |
| JOURNAL, LAW 360, LEAGLE, : | **JURY TRIAL DEMANDED** |
| VLEX, ALABAMA ASSOCIATION : | |
| OF PARALEGALS, TROYLAN & : | |
| ASSOCIATES, JOHN AND JANE : | |
| DOES 1-100, and ABC : | |
| CORPORATIONS 1-100, : | |
| Defendant(s). : | |

## INTRODUCTION

1. In this action, Plaintiff ALAN KARMIN demands the Defendants cease and desist from their wrongful and malicious actions and, further, seeks damages from Defendants ADRIENNE C. ROGOVE, NEAL BEVANS, NICOLE PINARD, ASPEN PUBLISHERS INC., CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE, VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES, JOHN AND JANE DOES 1-100, and ABC CORPORATIONS 1-100 under New Jersey and United States tort law, the Communications Decency Act, and the Continuing Wrong Doctrine.

3. The Plaintiff brings this action for defamatory statements made by the Defendant(s), communicated and published to third parties, within, and outside, the scope and course of their professional roles, with intent to harm Plaintiff given, that, inter alia, Defendant(s) were and are aware of the truth regarding the results of an Appellate Division matter involving the Plaintiff.

4. Defendant(s) willfully and purposefully communicated and published to third parties erroneous information that have irreparably harmed the Plaintiff, and will continue to harm the Plaintiff will into the future.

5. Plaintiff will has suffered and will continue to suffer harm as a direct result of Defendant(s) conduct.

## PARTIES

6. Plaintiff ALAN KARMIN is private citizen who resides at 4210 Falston Circle, Old Bridge, New Jersey 08857.

7. Defendant ADRIENNE C. ROGOVE, upon information and belief, is a retired attorney, licensed to practice law in the State of New Jersey; upon information and belief, Defendant ADRIENNE C. ROGOVE served as the Chair of the New Jersey Supreme Court's Committee on Unauthorized Practice of Law; upon information and belief, Defendant ADRIENNE C. ROGOVE resides at 449 Skillman Lane, Somerset, New Jersey 08873.

8. Defendant NEAL BEVANS, upon information and belief, is a contributing author for Defendant ASPEN PUBLISHERS INC., with corporate offices located at 7201 McKinney Circle, Frederick, Maryland 21704.

9. Defendant NICOLE PINARD, upon information and belief, is the CEO of Defendant ASPEN PUBLISHERS INC., with corporate offices located at 7201 McKinney Circle, Frederick, Maryland 21704.

10. Defendant ASPEN PUBLISHERS INC., upon information and belief, is a publishing firm with corporate offices located at 7201 McKinney Circle, Frederick, Maryland 21704.

11. Defendant CAROLINA ACADEMIC PRESS, upon information and belief, is a publishing firm with corporate offices located at 700 Kent Street, Durham, North Carolina 27701

12. Defendant AFFORDABLE PARALEGAL SERVICES, upon information and belief, is a document preparation firm with home offices located at 1133 Innovation Way, Sunnyvale, CA 94089-1228.

13. Defendant MICHAEL SAUNDERS, upon information and belief, is a partner in Defendant AFFORDABLE PARALEGAL SERVICES with home offices located at 1133 Innovation Way, Sunnyvale, CA 94089-1228.

14. Defendant NEW JERSEY LAW JOURNAL, upon information and belief, is a publishing firm with corporate offices located at…238 Mulberry Street, Newark, New Jersey 07102.

15. Defendant JUSTIA LAW upon information and belief, is a publishing firm with corporate offices located at 1380 Pear Avenue, Suite 2B, Mountain View, California 94043.

16. Defendant LAW 360 upon information and belief, is a publishing firm with corporate offices located at 230 Park Avenue, 7th Floor, New York, New York 10169.

17. Defendant VLEX upon information and belief, is a publishing firm with corporate offices located at 1450 Brickell Avenue, Suite 2080, Miami, Florida 33131

18. Defendant ALABAMA ASSOCIATION OF PARALEGALS upon information and belief, is a publishing firm with a mailing address of P.O. Box 1834, Birmingham, Alabama 35201.

19. Defendant TROYLAN & ASSOCIATES, upon information and belief, is a law firm with corporate offices located at 560 Communications Parkway, Sarasota, Florida 34240.

20. "JOHN AND DOES 1-100" are fictitious names of persons not yet known to Plaintiff who are responsible for the underlying action.

21. "ABC CORPORATIONS 1-100" are corporations and entities not yet known to Plaintiff who are responsible for the underlying action.

## JURISDICTION AND VENUE

22. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1332, 1367.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this action occurred within this District and one of the Parties resides within this district.

24. This Court must have subject matter jurisdiction. The severe financial harm and the emotional distress brought on by the Defendants' recklessness has affected, and will continue to greatly affect, the financial and emotional well-being of the Plaintiff. The effects of the acts of the Defendants have had, and will forever continue to have, damages that are immeasurable and far-reaching. The damages in this matter, because of the callous acts that will go on forever, cannot be determined with absolute certainty as this time. However, the Court has said there is no need to state what the damages would be in a case such as this. Stephenson v. Consolidated Rail Corp., 2013 WL 1750005 (D.N.J. April 23, 2013). Given the severity of the long-lasting effects, the award of damages in excess of $75,000 is highly likely.

25. Due to the nature of this matter future damages must be taken into consideration. In Faltaous v. Johnson & Johnson, 2007 WL 3256833, at 9 (D.N.J. Nov. 5, 2007), the Court found that, "[w]hile the amount in controversy is determined through consideration of the good faith allegations of the complaint at the time it was filed . . . , damages accruing in the future are properly counted against the jurisdictional amount 'if the right to future payments . . . will be adjudged in the present suit.'" Id.

26.     The consideration of future damages in a jurisdictional evaluation is not unique to CAFA cases. Several courts considering traditional diversity jurisdiction have found that future damages should be evaluated in an inquiry to determine whether the $75,000 threshold applicable to that form of jurisdiction has been met. For example, in Broglie v. MacKay-Smith, 541 F.2d 453, 455 (4th Cir. 1976), the Fourth Circuit found that where the complaint alleged continuing damage that will accrue in the future and be adjudged in the action, such continuing damage should be "counted against the jurisdictional amount." The court found that "plaintiffs here may rely upon costs to be incurred subsequent to the filing of the complaint but prior to trial in meeting the jurisdictional amount requirement." *Id.*

## FACTUAL ALLEGATIONS

27.     This matter began when KARMIN PARALEGAL SERVICES (Plaintiff KARMIN) was contracted to do document preparation work for a post judgment legal matter in March of 2017.

28.     The client was adamant that he did not want his financial situation exposed; he indicated that he had not filed any tax returns for many years and was "hiding" his monies in his parents' names.

29.     The client began blackmailing KARMIN, threatening that he would make a complaint about unauthorized practice of law.

30.     On June 8, 2018, KARMIN filed a police report with the Scotch Plains New Jersey Police Department. The detective bureau investigated and spoke with the client who admitted making the threats and said he would not contact KARMIN again. However, the client continued to contact KARMIN with continued threats and filed a civil suit against KARMIN in the Superior Court of New Jersey, Bergen County.

31.     On September 11, 2018, the Parties appeared before Honorable Robert C. Wilson, J.S.C.

32.     During cross-examination of the client, it was proven that the client had lied several times in his pleadings and in his testimony before the Court. Yet, Judge Wilson said he found the client to be the more credible person.

33.     Judge Wilson dismissed KARMIN's counterclaim in its entirety and awarded the client compensatory damages in the amount of $3,000 and punitive damages in the amount of $9,000. Judge Wilson further referred to the matter to the Union County Prosecutor's Office.

34.     Judge Wilson NEVER asked KARMIN if he was working for an attorney; never asked if anyone was reviewing his work; never asked how the client or anyone else recruited him to conduct any work. Judge Wilson never sought out the truth. Judge Wilson ignored the evidence that the client was guilty of harassing KARMIN, committing the acts of extortion, defamation of character, with the intent to cause severe emotional distress and tortious interference. The evidence clearly showed that the client willfully and purposefully, knowingly, made a false allegation, filed a false claim, for no other purpose than to cause serious financial, professional, and emotional harm to KARMIN, and attempt to illegally profit from his frivolous and vexatious claim.

35.     Judge Wilson abused his discretion by not only awarding the client $3,000 which was without basis in law, but then added punitive damages of $9,000, without affording the Plaintiff due process and, again, without any basis in law.

36.     On Appeal, KARMIN won in overturning the punitive damages of $9,000.

37.     In the meantime, Judge Wilson's referred the matter to the prosecutor's office, violating his right to due process, and caused KARMIN to get arrested,. The charges of unauthorized practice of law were all dismissed. The prosecutors said they had no basis for any further actions. No prosecutor or criminal court ever found KARMIN guilty of unauthorized practice of law.

38.     KARMIN made full restitution to not only the client who made the complaint, but another person who had some connection to the New Jersey Supreme Court's Committee on

Unauthorized Practice of Law. However, sometime later, the Union County Prosecutor's Office, via Officer Colleen Gregorio, contacted KARMIN to let him know that restitution was <u>not required by law</u>, as a civil judgment had already been entered. KARMIN had an opportunity to file a motion for the return of the monies, as the civil judgment was dischargeable in a bankruptcy proceeding, thereby it would have cost KARMIN nothing. Instead, KARMIN chose to let the matter go, and attempted to move on with his life.

39. Soon after, though, KARMIN was alerted to a blog post on multiple websites owned and operated by BLANK ROME LLP, authored by Defendant ADRIENNE C. ROGOVE in her multiple role as partner of BLANK ROME LLP and Chair of the New Jersey Supreme Court's Committee on Unauthorized Practice of Law. The post, claiming to be reporting on a civil appellate case, contained multiple false statements regarding KARMIN and the matter itself, including information not a part of the trial court record, but likely privileged information to Defendant ADRIENNE C. ROGOVE in her confidential official capacity within the Committee she chaired.

40. KARMIN and his attorney made attempts via phone and email to contact Defendant ADRIENNE C. ROGOVE to correct the false statements or simply take down the posts. Defendant ADRIENNE C. ROGOVE willfully and purposefully chose to ignore those efforts.

41. Upon information and belief, the post on the internet authored by Defendant ADRIENNE C. ROGOVE has been viewed by thousands of people, with each view one count of disseminating defamatory statements, communicated and published to third parties, and recklessly used this information to establish Plaintiff KARMIN as a perpetrator of a crime, and the case a precedential case about unauthorized practice of law.

42. Sometime in 2022, KARMIN became aware that a number publications credited to Defendant NEAL BEVANS contained the exact same, or very similar, content that was presented in the post authored by Defendant ADRIENNE C. ROGOVE on the websites of BLANK ROME

LLP. Defendant NEAL BEVANS recklessly used this information, apparently without any attempt to corroborate the information from an internet blog post, portraying Plaintiff KARMIN as a perpetrator of a crime, and the case a precedential case about unauthorized practice of law, in textbooks he intended to use for the teaching of paralegal students.

43. Defendant ASPEN PUBLISHERS INC. published the damaging information portraying Plaintiff KARMIN as a perpetrator of a crime, and the case a precedential case about unauthorized practice of law, in textbooks intended for use for the teaching of paralegal students, for an infinite amount of people to see, read, and perpetuate false information now, and ongoing into the future.

44. Defendants CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE, VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES have also published the damaging information, portraying Plaintiff KARMIN as a perpetrator of a crime, and the case a precedential case about unauthorized practice of law, for an infinite amount of people to see and read now, and ongoing into the future.

45. Plaintiff KARMIN notified the Defendants about the false information and asked for the erroneous information to be corrected or withdrawn from any and all publications. The requests went ignored.

46. The Defendant(s)' behaviors and actions were, and continue to be, so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized and lawful community. The willful and purposeful promotion of KARMIN, who was never convicted of any crime and not provided due process, as the "national poster child for unauthorized practice of law" and creating a false precedent to be wrongly cited in cases today is dangerous to our rule of law. The Defendants' actions are a direct cause of the Plaintiff ALAN KARMIN's physical, financial, and emotional damage.

## COUNT ONE
## BREACH OF FIDUCIARY DUTY
## SPECIFICALLY AS TO DEFENDANT ADRIENNE C. ROGOVE

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

48. Defendant ADRIENE C. ROGOVE willfully, intentionally, and recklessly breached her multiple duties as Chairperson of the New Jersey Supreme Court's Committee on Unauthorized Practice of Law, in falsely making KARMIN into her "poster child as a national example for the Unauthorized Practice of Law by secret committee without any due process, abusing her position for business gain. Defendant ADRIENNE C. ROGOVE by put her name to a blog that contained confidential Committee information hosted on multiple sites owned and maintained by BLANK ROME LLC under her title of the Committee's Chair.

49 Defendant ADRIENNE C. ROGOVE misused her role as the Committee's Chair to perpetuate a falsehood. She was at the helm of a secret investigation that was squashed by not one, but two, local prosecutors. In her role as Chair of the Committee of Unauthorized Practice of Law, Defendant ADRIENNE C. ROGOVE has full knowledge that a civil court judges and the court's committee on unauthorized practice of law cannot make 2C:21-22 indictments. They can only refer to the prosecutor. She knew that all charges were dropped. Yet, she still published a blog post for thousands of people to see. For the chair of the Committee to hold out to the general public – and legal community - that a civil case is precedent for Unauthorized Practice of Law (a criminal statute) and refuse to correct such false statements is a major problem to stare decisis. The legal community is blindly relying on Defendant ADRIENNE C. ROGOVE's standing as Committee Chair and repeatedly copying her blog, into articles, pleadings, and even books…improperly citing the underlying civil case as criminal law precedent. All while it wrongfully and maliciously besmirches the Plaintiff.

50. The Defendant ADRIENNE C. ROGOVE intentionally mentioned that KARMIN was arrested, but then <u>failed to mention</u> that KARMIN was immediately released, and that no prosecutor was willing to pursue the matter any further, and that KARMIN was never convicted of any crime or criminal act. Rather, Defendant ADRIENNE C. ROGOVE willfully and purposefully refused to make that acknowledgment and correction to intentionally deceive her readers and the legal community at large.

51. The Defendant ADRIENE C. ROGOVE was notified of the erroneous information contained in her published blog and willfully and purposefully, ignored her duty of care when publishing information for third parties to read and hear, as well as her multiple duties as Chair of the Supreme Court Committee on Unauthorized Practice of Law.

52. The Defendant ADRIENE C. ROGOVE's actions has caused not only financial harm, but extreme emotional distress that has caused, and will continue to cause, severe emotional harm.

53. As a direct and proximate result of these malicious and conscious wrongful actions of defamatory publications of statements to third parties by the Defendant ADRIENE C. ROGOVE, the Plaintiff has been, and will forever continue to be, damaged.

54. Because Defendant ADRIENE ROGOVE's defamatory statements constitute intentional acts which were made with actual malice toward the Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, the Plaintiff ALAN KARMIN demands the Defendant ADRIENNE C. ROGOVE cease and desist from continuing her reckless and malicious actions, and further demands judgment against Defendant ADRIENNE C. ROGOVE for damages, punitive damages, court costs, and other such relief as the Court deems just and proper.

**COUNT TWO**
**TRADE LIBEL**

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56. The Defendants willfully, intentionally, and recklessly made false statements about the Plaintiff without confirming, or caring, if those statement were actually true

57. The Defendants willfully and purposefully, expressed by print, writing, pictures, signs, effigies, and/or any communication embodied in physical form that is injurious to Plaintiff's reputation; exposed him to public hatred, contempt and ridicule; and injured him in his business and profession.

58. The Defendants' reckless and malicious actions have ruined, and continue to ruin, the professional reputation of the Plaintiff and has prevented him from getting hired by employers who research and find the published words of the Defendants. Each and every time Plaintiff is interviewed, and about to be hired, the Potential Employer simply Googles him and finds the Defendants' words. The Plaintiff is then ghosted. The Defendants' actions have interfered with, and increasingly interfere with, Plaintiff's ability to procure any kind of work which constitutes trade libel *per se*.

59. The Defendants' actions have caused, and will continue to cause, severe financial harm.

**WHEREFORE**, the Plaintiff ALAN KARMIN demands the Defendants cease and desist from continuing their reckless and malicious actions, and further demands judgment against Defendants ADRIENNE C. ROGOVE, NEAL BEVANS, NICOLE PINARD, ASPEN PUBLISHERS INC., CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE, VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES, JOHN AND JANE DOES 1-100, and ABC CORPORATIONS 1-100 for damages, punitive damages, court costs, and other such relief as the Court deems just and proper.

## COUNT THREE
## (<u>DEFAMATION PER SE</u>)

60. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

61. Defendants willfully, intentionally, and recklessly made false statements about the Plaintiff without confirming, or caring, if those statement were actually true.

62. The unprivileged statements were made by the Defendants to others about Plaintiff are false and defamatory.

63. At the time such statements were made by Defendants, Defendants knew or should have known that they were false and defamatory.

64. Defendants published such statements negligently, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity.

65. Numerous people actually read and/or have heard about the false and defamatory statements.

66. The statements were not privileged and contained confidential insights and information from the New Jersey Supreme Court's Committee on Unauthorized Practice of Law acting as a secret tribunal under the direction of Defendant ADRIENNE C. ROGOVE without any notice to KARMIN or any due process whatsoever..

67. The statements were published by Defendants with actual malice, oppression, and fraud in that they were aware at the time of the falsity of the publication and thus, made said publication in bad faith, out of malice and ill-will directed towards the Plaintiff without any regard for the truth.

68. Defendants possessed information and had access to information that showed their statement were false and were intentionally misleading their readers to draw false conclusions.

69. Defendants also made statements for which they had no factual basis.

70. Moreover, the statements tend to so harm the reputation of the Plaintiff as lower his professional reputation in the community or deter third person from associating or dealing with him and, as such, constitute defamation *per se*.

71. As a direct and proximate result of these malicious and conscious wrongful actions of defamatory publications of statements to third parties by the Defendants, the Plaintiff, and his business, have been, and will continue to be, damaged.

72. Because Defendants' defamatory statements constitute intentional acts which were made with actual malice toward the Plaintiff, and the Defendants' refuse to merely remove or correct their erroneous and libelous publications, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, the Plaintiff ALAN KARMIN demands the Defendants cease and desist from continuing their reckless and malicious actions, and further demands judgment against Defendants ADRIENNE C. ROGOVE, NEAL BEVANS, NICOLE PINARD, ASPEN PUBLISHERS INC., CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE, VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES, JOHN AND JANE DOES 1-100, and ABC CORPORATIONS 1-100 for damages, punitive damages, court costs, and other such relief as the Court deems just and proper.

## COUNT FOUR
## DEFAMATION PER QUOD

73. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 60 as if set forth fully herein.

74. The unprivileged statements were made by the Defendants to others about Plaintiff are false and defamatory.

75. At the time such statements were made by Defendants, and at the time of each republication of such statements, Defendants knew or should have known that they were false and defamatory.

76. Defendants published and republished such statements negligently, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity.

77. Numerous people actually have read and/or have heard about the false and defamatory statements and based on the number of increasing citations, blog responses, and republications, those people are wrongly interpreting the false and defamatory statement to be a precedential matter of Unauthorized Practice of Law which is simply not true.

78. The statements were not privileged and include no journalistic efforts to validate the veracity during citing.

79. The statements were published by Defendants with actual malice, oppression, and fraud in that they were aware at the time of the falsity of the publication and thus, made said publication in bad faith, out of malice and ill-will directed towards the Plaintiff without any regard for the truth.

80. Moreover, the statements tend to so harm the reputation of the Plaintiff as lower his professional reputation in the community or deter third person from associating or dealing with him.

81. As a direct and proximate result of these malicious and conscious wrongful actions of defamatory publications of statements to third parties by the Defendants, the Plaintiff has been, and will continue to be, damaged.

82. Because Defendants' defamatory statements constitute intentional acts which were made with actual malice toward the Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, the Plaintiff ALAN KARMIN demands the Defendants cease and desist from continuing their reckless and malicious actions, and further demands judgment against Defendants ADRIENNE C. ROGOVE, NEAL BEVANS, NICOLE PINARD, ASPEN PUBLISHERS INC., CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE,

VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES, JOHN AND JANE DOES 1-100, and ABC CORPORATIONS 1-100 for damages, punitive damages, court costs, and other such relief as the Court deems just and proper.

## COUNT FIVE
## EMOTIONAL DISTRESS

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

84. The Defendants willfully, intentionally, and recklessly made false statements about the Plaintiff without confirming, or caring, if those statement were actually true

85. The Defendants willfully and purposefully, ignoring their duty of care when publishing information for third parties to read and hear.

86. The Defendants' actions has caused not only financial harm, but extreme emotional distress that has caused, and will continue to cause, severe emotional harm.

87. As a direct and proximate result of these malicious and conscious wrongful actions of defamatory publications of statements to third parties by the Defendants, the Plaintiff has been, and will continue to be, emotionally damaged.

88. Because Defendants' defamatory statements constitute intentional acts which were made with actual malice toward the Plaintiff, Plaintiff seeks an award for punitive damages.

**WHEREFORE**, the Plaintiff ALAN KARMIN demands the Defendants cease and desist from continuing their reckless and malicious actions, and further demands judgment against Defendants ADRIENNE C. ROGOVE, BLANK ROME LLP, NEAL BEVANS, NICOLE PINARD, ASPEN PUBLISHERS INC., CAROLINA ACADEMIC PRESS, AFFORDABLE PARALEGAL SERVICES, MICHAEL SAUNDERS, NEW JERSEY LAW JOURNAL, LAW 360, LEAGLE, VLEX, ALABAMA ASSOCIATION OF PARALEGALS, TROYLAN & ASSOCIATES, JOHN AND JANE DOES 1-100, and ABC CORPORATIONS 1-100 for damages, punitive damages, court costs, and other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests for a jury trial as to all issues so triable.

Dated: February 5, 2025

                                                     **ALAN KARMIN**
                                                     4210 Falston Circle
                                                     Old Bridge, NJ 08857
                                                     Phone: 732-261-1387
                                                     Email: alankarmin@gmail.com
                                                     Pro se