## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**JUSTIN T. QUINN**
**UNITED STATES MAGISTRATE JUDGE**

**CLARKSON S. FISHER FEDERAL**
**BUILDING & U.S. COURTHOUSE**
**402 EAST STATE STREET**
**TRENTON, N.J. 08608**
**609-989-2144**

February 27, 2025

### LETTER ORDER

Re:   *Karmin v. Rogove, et al.*,
      Civil Action No. 25-1036 (GC) (JTQ)

Dear Litigants:

On February 21, 2025, Plaintiff—who is proceeding *pro se*—filed a letter with the Court requesting that he be permitted "to serve the out of state Defendants via the United States Postal Service with an electronic copy." (ECF No. 6). Plaintiff contends that these particular individuals "are not in close proximity" and serving them "would cause a severe financial burden." (*Id.*). Plaintiff's request is denied.

As a preliminary matter, Plaintiff's application makes no attempt to specify the amount it would cost for Plaintiff to serve the out-of-state Defendants in this case. Plaintiff likewise fails to explain how complying with Rule 4 would cause him a "severe financial burden." This is particularly important here, since Plaintiff paid the filing fee for his pleading and has provided the Court with no information to support his statement of financial burden.[1] *See, e.g.*, *Christians v. Hanvey*, 2024 WL 5293192, at *3 (D.S.D. Dec. 11, 2024). The Court will not and cannot simply take Plaintiff's word. And even assuming *arguendo* Plaintiff had properly supported his request, the application would suffer a separate, more critical flaw. Specifically, "the fact that service of process . . . is expensive and time consuming is generally not sufficient to demonstrate . . . the facts and circumstances necess[ary] [to invoke] the district court's intervention." *Caballero v. Ejercito de Liberacion Nacional*, 2019 WL 11505368, at *2 (S.D. Fla. April 3, 2019). This too weighs against Plaintiff's request.

For the foregoing reasons, Plaintiff's application is denied without prejudice.

**SO ORDERED.**

**s/ Justin T. Quinn**
**Hon. Justin T. Quinn, U.S.M.J.**

---

[1] Plaintiff should address this issue should Plaintiff file another application.