UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN KARMIN, | : |
| Plaintiff, | : Civil Action No. 25-1036 (GC) (JTQ) |
| v. | : **ORDER** |
| ADREINNE C. ROGOVE, et al., | : |
| Defendants. | : |

This matter comes before the Court on a motion by Plaintiff Alan Karmin ("Plaintiff") for an Order authorizing alternative service of the Amended Complaint on six defendants—Adreinne C. Rogove ("Ms. Rogove"), Neal Bevans, Nicole Pinard, Aspen Publishers Inc., Affordable Paralegal Services, and Michael Saunders (the "Publishing Defendants") (together, "Defendants"). ECF No. 8. Ms. Rogove filed a response to Plaintiff's motion (ECF No. 15) and Plaintiff filed additional correspondence addressing same (ECF No. 18). No other defendant has opposed the motion. The Court has carefully considered the Parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, Plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff alleges that 13 defendants were involved in "disseminating defamatory statements" about him and "recklessly us[ing] this information to establish Plaintiff [ ] as a perpetrator of a crime . . . [to create] a precedential case about unauthorized practice of law." ECF No. 5, Amended Complaint ¶¶ 41-42.

Specifically, Plaintiff claims that in March 2017, he agreed to do "document preparation work for a post judgment legal matter" for a client who subsequently filed a lawsuit in state court against him for the unauthorized practice of law. *Id.* ¶¶ 27, 30.

The state court found in favor of Plaintiff's client (though Plaintiff claims that part of his appeal was successful) and referred the matter to the prosecutor's office where Plaintiff alleges the charges were dropped. *Id.* ¶¶ 32-33, 37. Plaintiff contends that he soon found blog posts authored by Ms. Rogove of Blank Rome LLP ("Blank Rome") discussing his case. *Id.* ¶ 39. Plaintiff claims he requested that Ms. Rogove take down the posts but those requests went unanswered. *Id.* ¶ 40. Plaintiff further alleges that all other named defendants published this "damaging information" and they too ignored requests to correct or withdraw the information. *Id.* ¶¶ 42-45. Plaintiff submits this conduct caused him physical, financial, and emotional damage, and on these facts, sues for breach of fiduciary duty, trade libel, defamation per se, defamation per quod, and emotional distress. *Id.* ¶¶ 46-88.

Now, Plaintiff seeks to have Defendants "considered served."  He claims that service was effectuated on Ms. Rogove after three unsuccessful attempts by one process server (ECF No. 8-1 ¶ 18) and on the Publishing Defendants since they became aware of the contents of the Amended Complaint (*id.* ¶ 19). In support of his motion, Plaintiff argues that "[i]t is [his] understanding that a litigant cannot claim lack of service if they were aware if the contents of the documents, even if they were not formally served." *Id.* ¶ 16. Ms. Rogove filed opposition explaining that Plaintiff

2

rejected Blank Rome's offer to accept service on her behalf in exchange for additional time to respond. ECF No. 15. Thereafter, Plaintiff filed a letter advising that he denied a second offer by Blank Rome to accept service. ECF No. 18.

Furthermore, this is Plaintiff's second application for alternative service. In the first application, Plaintiff sought permission to serve all Defendants other than Ms. Rogove by "United State Postal Service with an electronic copy" because "the locations [ ] where they would need to be served" would "cause a severe financial burden." ECF No. 6. The Court denied this application on February 27, 2025, finding that Plaintiff failed to identify the amount that proper service would cost and how proper service would cause a "severe financial burden." ECF No. 7.

## II.  LEGAL STANDARD

Under Rule 4, service may be effectuated on an individual located within a judicial district of the United States by: (1) personal delivery upon the individual, his or her agent, or someone of suitable age residing at the individual's residence; or (2) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). If a plaintiff cannot effectuate personal service within the state, New Jersey permits substitute or constructive service where "diligent effort and inquiry" has been made. N.J. Ct. R. 4:4-4(b)(1). Methods of substituted or constructive service must be "consistent with due process of law" and include: "personal service in a state of the United States or the District of Columbia," "personal service outside the territorial jurisdiction of the United States," or by

3

"mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." N.J. Ct. R. 4:4-4(b)(1)(A)-(C).

Regardless of the type of action, alternative service requires a demonstration of due diligence that satisfies the requirements set forth in New Jersey's Court Rules. *Streetlife Int'l GmbH v. Degraft-Johnson*, 2025 WL 419716, at *2 (D.N.J. Jan. 8, 2025). However, "[d]iligence has no fixed standard." *Id*. Rather, "[w]hen considering due diligence, the court measures the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id*. (internal quotation marks omitted). Diligence generally "requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *Just Vacations Inc. v. Labkovsky*, 2024 WL 3728070, at *2 (D.N.J. Aug. 8, 2024). "A diligent effort, therefore, will generally involve several attempts at service in addition to broad investigative efforts such as searching public databases, tax records, credit records, and general Internet inquiries." *Id*. It is only once a plaintiff has exhibited that he exercised reasonable due diligence that "a court may order an alternative means of service that is consistent with due process." *Truist Bank v. Elgeo Corp*, 2024 WL 3898038, at *3 (D.N.J. Aug. 22, 2024).

## III. ANALYSIS

While Plaintiff styled this as a motion for alternative service, what he actually seeks is for the Court to deem his *previous* noncompliant attempts to serve Defendants sufficient. But the few steps Plaintiff has taken are not enough to

4

demonstrate due diligence to permit service by alternative means, let alone for the Court to find that service has already been effectuated. *See* ECF No. 8-1 ¶ 16. Thus, Plaintiff's motion is denied in its entirety.

### A. Ms. Rogove

First, to serve Ms. Rogove, Plaintiff sought the assistance of one process server who made three service attempts at her home at times when there was "no answer" and "no cars." ECF No. 8-2, Exhibit B. Without more, Plaintiff requests that the Court deem Ms. Rogove served.

While there is no diligence formula, the legal precedent in this Circuit proves that Plaintiff's efforts to attempt service fall far short. For instance, in *Commodity Futures Trading Commision v. Tradewale LLC*, the Court found reasonable diligence where the plaintiff hired a private investigator, contacted various Postmasters, and provided "great specificity as to what steps were taken to locate and serve" the defendant. 2022 WL 20668012, at *4 (D.N.J. Dec. 1, 2022). Similarly, in *Guardian Life Insurance Company of America v. Estate of Walter Matesic*, the court held that multiple attempts to serve the defendant at her last known address, two attempts to ascertain whether defendant had moved, telephoning the residence and leaving a message with defendant's friend met the diligence requirement. 2016 WL 3763340, at *2 (D.N.J. July 14, 2016). Additionally, in *Truist Bank v. Elgeo Corporation*, the court deemed sufficient four service attempts using a process server, internet and social media searches to uncover defendants' whereabouts, service by regular mail

5

including forms for waiver of service and prepaid means for returning the waivers, and service by email. 2024 WL 3898038, at *4–5 (D.N.J. Aug. 22, 2024).

Such service efforts stand in stark contrast to Plaintiff's efforts here, which include the retention of one process server, a complete lack of investigation, few attempts to actually effectuate service, and no follow-up efforts whatsoever. And to make matters worse, Ms. Rogove's attorney, Blank Rome, attempted to accept service on her behalf on more than one occasion (ECF Nos. 15 & 18), yet Plaintiff declined, arguing that the attorney, Mr. Darbee, "was fully aware of the complaint and its contents." ECF No. 18.

Despite Plaintiff's assertions, it is settled law that simply being aware of a complaint is neither a substitute for service nor is that knowledge sufficient to establish proper service. *See S.E.C. v. China Northeast Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014) ("[A] defendants' actual knowledge is no substitute for service.") (internal citation and quotation omitted). And the California case Plaintiff relies on to convince this Court otherwise is inapposite. To be sure, the court in *Trujillo v. Trujillo* found service of process sufficient where defendant avoided service by getting in his car and rolling up the window when the process server tried to read to him the contents of the documents, refusing to accept them and dislodging them when they were placed under the windshield wiper. 71 Cal. App. 2d 257, 259-60 (1945). These facts are in no way analogous to Plaintiff's attempt to serve Ms. Rogove here; nor does the case stand for the proposition that awareness of a complaint is enough for service of process.

6

Accordingly, the Court finds that Plaintiff has not demonstrated due diligence in attempting to effectuate personal service on Ms. Rogove. Plaintiff's motion requesting that Ms. Rogove be deemed served is denied.

### B. The Publishing Defendants

As for Neal Bevans, Nicole Pinard, Aspen Publishers Inc., Affordable Paralegal Services, and Michael Saunders, Plaintiff disregarded his personal service obligations entirely and jumped right to service by certified mail. ECF No. 8-2, Exhibit A. In doing so, Plaintiff plainly made no effort to locate the Publishing Defendants. Worse, this service attempt defied this Court's prior Order, which denied Plaintiff's first request to serve all defendants via "United States Postal Service with an electronic copy." ECF No. 7. Plaintiff's argument that the Publishing Defendants were "well aware of the contents of the complaint" fails for the reasons addressed above. ECF No. 8-1 at ¶ 16.

Thus, Plaintiff's single, noncompliant attempt to serve via certified mail by no means constitutes reasonable diligence. Plaintiff's motion as to the Publishing Defendants is denied.

### IV. CONCLUSION

For the reasons outlined above, the Court is not satisfied that Plaintiff has fulfilled his obligation of exercising the diligence necessary to permit alternative service on any of the Defendants. Accordingly,

**IT IS** on this 23rd day of May 2025

**ORDERED** that Plaintiff's motion for alternative service [ECF No. 8] is DENIED; and it is further

**ORDERED** that the Clerk is directed to terminate ECF No. 8.

s/ Justin T. Quinn<br>
HON. JUSTIN T. QUINN<br>
United States Magistrate Judge

--terminates ECF No. 8